In the

# United States Court of Appeals
## For the Seventh Circuit

———————

No. 07-1931

NEWELL OPERATING CO., *et al.*,

*Plaintiffs-Appellants*,

*v.*

INTERNATIONAL UNION OF UNITED AUTOMOBILE,
AEROSPACE, AND AGRICULTURAL IMPLEMENT
WORKERS OF AMERICA, U.A.W., and
MARCELLA COGSWELL, *et al.*,

*Defendants-Appellees.*

———————

Appeal from the United States District Court
for the Northern District of Illinois, Western Division.
No. 06 C 50010—**Philip G. Reinhard**, *Judge.*

———————

ARGUED FEBRUARY 11, 2008—DECIDED JULY 2, 2008

———————

Before BAUER, KANNE, and WILLIAMS, *Circuit Judges.*

KANNE, *Circuit Judge.* Newell Operating Co. ("Newell")
amended its employee welfare benefits plan to allow
administrators to charge retirees uniform monthly premi-
ums. This simple corporate action produced complex
litigation when two federal lawsuits over the validity of
Newell's amendments were filed in quick succession. First,
Newell, its subsidiary, Newell Window Furnishings
Company, Kirsch Division ("Newell Window"), and the

Newell Rubbermaid Health and Welfare Program 506 ("the Plan") filed this suit in the Northern District of Illinois, seeking declaratory relief against over 500 retirees of a Michigan manufacturing plant, as well as their labor union, the International Union of United Automobile, Aerospace, and Agricultural Implement Workers of America, U.A.W., AFL-CIO, and its local chapter, the U.A.W. Local 797 (collectively, "UAW"). The complaint requested a judgment declaring that the amendments to the Plan did not violate the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq.*, or the Labor Management Relations Act (LMRA), 29 U.S.C. § 141 *et seq. See* 28 U.S.C. § 2201. Second, while the declaratory-judgment suit was pending in Illinois, the UAW and retirees brought their own lawsuit in the Western District of Michigan, challenging the new premiums under ERISA and the LMRA. The Northern District of Illinois yielded to the action filed in the Western District of Michigan by declining to exercise its jurisdiction and dismissing the declaratory-judgment suit. We believe that the decision to dismiss the case was sound, and we affirm.

## I. HISTORY

Newell Window's corporate predecessor, the Kirsch Company ("Kirsch"), manufactured drapery hardware and custom window coverings at several plants in Sturgis, Michigan. The UAW—which represented all production, tool-room, and maintenance employees who performed work at these plants—entered into collective-bargaining agreements with Kirsch that obligated Kirsch to provide certain health benefits for life to its employees and their families. In 1997, Newell Window acquired Kirsch, and, pursuant to the sale, the employees of Kirsch became

employees of Newell Window and members of the Plan, an employee welfare benefits plan sponsored by Newell and governed by ERISA. *See* 29 U.S.C. § 1002(1). In October 2000, Newell decided to close the Sturgis plants and entered into a shut-down agreement with the UAW, which agreed to waive all claims it had, or would ever have, against Newell.

In November 2005, Newell sent a letter to the retirees of Kirsch and Newell Window, notifying them that the Newell Rubbermaid Inc. Benefit Plans Administrative Committee ("the Committee") had decided to consolidate all of Newell's retiree health programs, including the Plan. The consolidation would allow a new insurance carrier, CIGNA Healthcare, to assume the daily administration of all of Newell's programs beginning on January 1, 2006. Around the time Newell mailed the notice to retirees, Newell also amended the Plan to allow the Committee to charge a uniform monthly premium once CIGNA took over. The Committee set the premium at $40 per month. Prior to 2006, some retirees had never been charged a monthly premium, and many of the retirees that had paid a premium paid less than $40 per month.

Anticipating backlash for the new charges, Newell, the Plan, and Newell Window filed this action against the UAW and the retirees in the Northern District of Illinois on January 12, 2006, requesting a declaratory judgment "that the transfer of the administration of the Plan" and "the corresponding changes in the terms and conditions of the benefits provided under the Plan" did not violate either ERISA or the LMRA. Of the 474 retirees named in the original complaint as individual defendants, only one resided in Illinois—in Charleston, which is situated in the Central District of Illinois. On February 15, 2006, the UAW and four retirees filed their own lawsuit in the Western

District of Michigan, claiming that Newell, Newell Window, and the Plan had breached the collective-bargaining agreements and violated ERISA and the LMRA by charging the new $40 premium. The retirees filed their complaint both individually and as purported representatives of a class. A few weeks after filing the complaint in Michigan, the UAW filed a motion to dismiss the Illinois case for lack of subject-matter jurisdiction, *see* Fed. R. Civ. P. 12(b)(1), or in the alternative, to transfer venue to the Western District of Michigan, *see* 28 U.S.C. § 1404(a).

In response to the UAW's motion, Newell, Newell Window, and the Plan amended their complaint in March 2006 to add the Committee as a plaintiff. In addition to pleading the same allegations as the initial complaint, the amended complaint added a new count on behalf of the Committee, which sought a declaration that it did not violate its fiduciary duties under ERISA § 502(a)(3) by charging the premiums. *See* 29 U.S.C. § 1132(a)(3)(B)(ii). The amended complaint also requested an injunction that would allow the Committee to condition the retirees' participation in the Plan on their payment of the premiums and would preclude any retiree who fails to pay from participating in the Plan.

After the appellants amended their complaint in the Northern District of Illinois, the UAW and individual retirees filed new motions to either dismiss the case, or transfer it to the Western District of Michigan. Newell, Newell Window, the Plan, and the Committee then moved for partial summary judgment against the UAW, and for summary judgment against the individual defendants. The district court for the Northern District of Illinois took all of the motions under advisement and allowed the parties to conduct discovery.

In March 2007, the district court for the Northern District of Illinois granted the motions by the UAW and the individual defendants to dismiss the case for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1). The district court recognized that ERISA § 502(a)(3) provides exclusive jurisdiction over an action by a plan fiduciary "to obtain other appropriate equitable relief" in order to enforce the terms of ERISA or an ERISA plan. *See* 29 U.S.C. § 1132(a)(3)(B)(ii). But the court reasoned that the Committee's fiduciary action did not provide a basis for subject-matter jurisdiction in this case because the suit was not one to enforce the terms of ERISA or the Plan: "Plaintiffs amended the plan to require premium payments by retirees. Plaintiffs do not need any court action to enforce the provisions of the plan." The district court relegated its analysis of jurisdiction under LMRA § 301, 29 U.S.C. § 185, to a footnote that stated, "[t]he court notes that jurisdiction for a declaratory judgment action that plaintiffs' actions did not violate a collective bargaining agreement appears to be proper under Section 301 of the LMRA . . . but the court need not reach this question either."

The district court reasoned, "[i]f the plaintiffs are to have their case heard here, it must be under the Declaratory Judgment Act," and noted that "[e]ven where subject matter jurisdiction may be exercised over a declaratory judgment action, the court has discretion to decline to hear it." The district court exercised its discretion and declined to hear the case because, in its view, the retirees were the natural plaintiffs of the underlying ERISA and LMRA disputes and "the vast majority of the retirees, and the site of the CBAs negotiations [were] all Michigan." The court then denied the motions for transfer and for partial summary judgment as moot.

After this case was docketed for appeal, the district court for the Western District of Michigan ruled on a motion by Newell, Newell Window, and the Plan to dismiss the Michigan action or to transfer that case to the Northern District of Illinois. The Michigan court issued an opinion in July 2007, which denied the motion to transfer and the motion to dismiss with respect to the individual defendants. However, the Michigan court granted the motion to dismiss with respect to the UAW because the court believed that the UAW had waived its claims against Newell by acceding to the shut-down agreement in October 2000. After oral argument in this case, the individual retirees moved to certify their plaintiff class in the Western District of Michigan. Class certification in the Michigan case is still pending.

## II. ANALYSIS

Newell, Newell Window, the Plan, and the Committee claim that the district court for the Northern District of Illinois should not have exercised its discretion to decline jurisdiction under the Declaratory Judgment Act, *see* 28 U.S.C. § 2201, because ERISA § 502(a)(3) provides subject-matter jurisdiction over their claims for declaratory and injunctive relief, *see* 29 U.S.C. § 1132(a)(3). The appellants also contend that the LMRA provides subject-matter jurisdiction over their claims. *See* 29 U.S.C. § 185. The appellants argue, in the alternative, that if jurisdiction was proper only under the Declaratory Judgment Act, the district court abused its discretion by dismissing the case.

We review *de novo* the district court's order dismissing the case for lack of subject-matter jurisdiction under

Rule 12(b)(1). *Peters v. Vill. of Clifton*, 498 F.3d 727, 729-30 (7th Cir. 2007). In engaging in our review, "[w]e must accept all facts stated in the complaint as true and must draw all reasonable inferences in the light most favorable to the plaintiff." *Id.* at 730. "Federal courts are courts of limited jurisdiction and may only exercise jurisdiction where it is specifically authorized by federal statute." *Teamsters Nat. Auto. Transporters Indus. Negotiating Comm. v. Troha*, 328 F.3d 325, 327 (7th Cir. 2003). "The Declaratory Judgment Act empowers federal courts to give declaratory judgments in 'a case of actual controversy within its jurisdiction,' but it is not an independent grant of jurisdiction, rather jurisdiction must be predicated on some other statute." *Rueth v. EPA*, 13 F.3d 227, 231 (7th Cir. 1993) (quoting 28 U.S.C. § 2201(a)). We will therefore analyze whether the district court had jurisdiction under the predicate statutes cited in the complaint: ERISA and the LMRA.

*A. Jurisdiction under ERISA*

The appellants argue that the district court erred by stating that it could only have jurisdiction under the Declaratory Judgment Act because jurisdiction over the case also exists under ERISA. The appellants point to ERISA § 502(a)(3), which provides for jurisdiction over equitable claims by the fiduciary of an ERISA plan for a declaration "to enforce any provisions of this subchapter or the terms of the plan." *See* 29 U.S.C. § 1132(a)(3)(B)(ii); *Spitz v. Tepfer*, 171 F.3d 443, 449-50 (7th Cir. 1999); *Winstead v. J.C. Penney Co.*, 933 F.2d 576, 580 (7th Cir. 1991). The appellants contend that the Committee is the fiduciary of the Plan, and as such, the court has jurisdiction over the Committee's suit for a

declaration that its implementation of the Plan amend-
ments to charge premiums to retirees does not violate
its ERISA fiduciary duties.

The Committee is the named fiduciary of the Plan, and all
of the parties apparently concede that the Committee is the
only party to this suit that is a fiduciary of the Plan. *See
Mertens v. Hewitt Assocs.*, 508 U.S. 248, 251 (1993) ("The
statute provides that not only the persons named
as fiduciaries by a benefit plan, but also anyone else
who exercises discretionary control or authority over the
plan's management, administration, or assets, is an
ERISA 'fiduciary.' " (internal citations omitted)). The UAW
and the retirees argue that because the Committee was
not a party to this litigation until the filing of the amended
complaint, none of the original plaintiffs in this case
"were authorized to bring their purported ERISA action."
As such, the UAW and retirees assert that the Michigan
action was the first-filed suit with proper jurisdiction,
and by advancing this argument, they insinuate that we
need not reach the question of whether the district court
had jurisdiction under ERISA § 502(a)(3) because this
jurisdiction did not arise until after the UAW and re-
tirees commenced the suit in Michigan.

This circuit has never strictly adhered to the "first-to-file"
rule in deciding whether to retain jurisdiction or dismiss
a declaratory-judgment action. *Trippe Mfg. Co. v. Am. Power
Conversion Corp.*, 46 F.3d 624, 629 (7th Cir. 1995); *Tempco
Elec. Heater Corp. v. Omega Eng'g*, 819 F.2d 746, 750 (7th Cir.
1987). Therefore, the late addition of the Committee as a
plaintiff does not foreclose the possibility that the dis-
trict court had fiduciary jurisdiction under ERISA. And,
in any case, it is very likely that the addition of the Com-
mittee as a plaintiff in the amended complaint "related

back" to the time of the original complaint's filing, making the Illinois action first in time. *See* Fed. R. Civ. P. 15(c); *Plubell v. Merck & Co.*, 434 F.3d 1070, 1072 (8th Cir. 2006) (" 'The relation back of amendments changing plaintiffs is not expressly treated in revised Rule 15(c) since the problem is generally easier. Again the chief consideration of policy is that of the statute of limitations, and the attitude taken in revised Rule 15(c) toward change of defendants extends by analogy to amendments changing plaintiffs.' " (quoting Fed. R. Civ. P. 15(c) 1966 advisory committee's note)); *E.R. Squibb & Sons, Inc. v. Lloyd's & Cos.*, 241 F.3d 154, 164 n.3 (2d Cir. 2001); 6A Wright *et al.*, *Federal Practice and Procedure* § 1501 (3d ed. 1998).

The appellants correctly note that the fiduciary of an ERISA plan may sue for declaratory judgments, injunctions, and restitution under ERISA § 502(a)(3)'s provision for "appropriate equitable relief." *See* 29 U.S.C. § 1132(a)(3)(B); *Spitz*, 171 F.3d at 449-50 (declarations); *Harris Trust & Sav. Bank v. Provident Life & Accident Ins. Co.*, 57 F.3d 608, 615 (7th Cir. 1995) (restitution and injunctions). But it is clear from the language of the statute that the federal courts do not have jurisdiction over every suit for equitable relief by an ERISA fiduciary. Section 502(a)(3) provides jurisdiction for fiduciary suits "to obtain other appropriate equitable relief . . . to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(3)(B)(ii); *see also Mertens*, 508 U.S. at 253 ("[Section 502(a)(3)] does not, after all, authorize 'appropriate equitable relief' *at large*, but only 'appropriate equitable relief' for the purpose of 'redressing any violations or . . . enforcing any provisions' of ERISA or an ERISA plan." (emphasis in original)).

We agree with the district court that the Committee's declaratory-judgment action was not designed to enforce any provisions of the Plan or ERISA. The Committee's action cannot logically be construed as a suit to enforce the terms of the Plan because the Plan's sponsor, Newell, has already amended the Plan to allow the Committee to charge premiums to the retirees, and the Committee has acted in accordance with the Plan by charging the premiums. In fact, the Committee alleged in the complaint that by charging premiums as a condition for the retirees' participation in the Plan, "the Committee has adhered to the terms of the Plan as written and amended." The Committee does not need the retirees' consent to comply with the unambiguous terms of the Plan because it has an easy remedy—if the retirees refuse to pay the new premiums, the Committee can stop providing them benefits under the Plan. And we do not understand how the Committee will violate its fiduciary duties under ERISA by following the terms of the Plan when it has an obligation to do so under ERISA. *See* 29 U.S.C. § 1104(a)(1)(D).

A plaintiff cannot bring a claim within ERISA § 502(a)(3) by advantageous and creative pleading. *See Wal-Mart Stores, Inc. Assocs' Health & Welfare Plan v. Wells*, 213 F.3d 398, 401 (7th Cir. 2000) ("[A] plaintiff cannot convert a claim of damages for breach of contract into an equitable claim by the facile trick of asking that the defendant be enjoined from refusing to honor its obligation to pay the plaintiff what the plaintiff is owed under the contract and appending to that request a request for payment of the amount owed."). It follows that a complaint cannot invoke ERISA § 502(a)(3) jurisdiction by the mere assertion, without more, that ERISA will be violated. If the

Committee administers the Plan as written, it will enforce the terms of the Plan and vindicate its fiduciary duties under ERISA—the retirees' dissatisfaction notwithstanding. The appellants have attempted to usurp the jurisdictional choice of the UAW and retirees by filing an anticipatory suit for declaratory relief under ERISA § 502(a)(3) before they could be sued in Michigan; however, without a need to enforce the Plan or ERISA, appellants' effort is for naught. The appellants' suit for declaratory and injunctive relief under ERISA § 502(a)(3) against the UAW and retirees was unnecessary, and the district court properly concluded that jurisdiction did not exist under the statute. We therefore affirm the district court's dismissal of the counts of appellants' complaint that advanced claims under ERISA for lack of subject-matter jurisdiction.

## B.  *Jurisdiction under the LMRA*

The appellants' next argument is that the district court erred by dismissing the case because it had jurisdiction under LMRA § 301, which provides jurisdiction over "[s]uits for violation of contracts between an employer and a labor organization representing employees." 29 U.S.C. § 185. The appellants contend that jurisdiction existed for their suit requesting a declaration that the Plan amendments did not violate the collective-bargaining agreements between Kirsch and the UAW.

The appellants' argument for jurisdiction under the LMRA relies heavily on our decision in *J.W. Peters, Inc. v. Bridge, Structural & Reinforcing Iron Workers*, for the proposition that when an employer accused of violating the terms of a collective-bargaining agreement files suit for declaratory relief, that suit is an action "for violation of

contracts within the meaning of § 301." 398 F.3d 967, 973 (7th Cir. 2005) (internal quotation omitted). Jurisdiction under LMRA § 301 is "extremely limited" and encompasses only suits " 'filed because a contract has been violated' "—it does not extend to " 'suits that claim a contract is invalid.' " *Troha*, 328 F.3d at 329 (quoting *Textron Lycoming Reciprocating Engine Div. v. United Auto., Aerospace, Agric. Implement Workers of Am.*, 523 U.S. 653, 656-57 (1998)). But " 'a declaratory judgment plaintiff accused of violating a collective-bargaining agreement may ask a court to declare the agreement invalid.' " *Stevens Constr. Corp. v. Chi. Reg'l Council of Carpenters*, 464 F.3d 682, 685 (7th Cir. 2006) (quoting *Textron*, 523 U.S. at 658).

Although § 301 provides only limited jurisdiction, we agree with the appellants (and the district court's footnote) that the appellants' LMRA § 301 claim falls within the statute's jurisdictional contours. Newell amended the Plan to charge premiums to retirees. Kirsch's collective-bargaining agreement with the UAW obligated Newell to provide certain welfare benefits for the lives of the retirees. Some retirees, and the UAW, claim that the amendments to the Plan violated the terms of the collective-bargaining agreements by ceasing to provide these benefits for life to retirees who do not pay premiums. This dispute is over whether Newell's conduct violated the collective-bargaining agreement, and Newell seeks a declaration that its amendments were appropriate. This suit involves the alleged violation of the collective-bargaining agreement, and therefore falls within the plain terms of LMRA § 301.

But that does not end the matter because the complaint advanced only claims for declaratory relief under the LMRA, and these claims are covered by the umbrella of the Declaratory Judgment Act. *See Haw. Stevedores, Inc. v.*

*HT&T Co.*, 363 F. Supp. 2d 1253, 1267 n.16 (D. Haw. 2005) ("That jurisdiction may be proper under the LMRA does not override the Court's discretion to decline [Declaratory Judgment Act] jurisdiction." (citing *Krey Packing Co. v. Hamilton*, 572 F.2d 1280, 1284 (8th Cir. 1978))). A district court has "wide discretion" to decline to hear actions that pursue only declaratory relief. *North Shore Gas Co. v. Salomon Inc.*, 152 F.3d 642, 647 (7th Cir. 1998); *In re VMS Secs. Litig.*, 103 F.3d 1317, 1327 (7th Cir. 1996); *see also Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995) ("By the Declaratory Judgment Act, Congress sought to place a remedial arrow in the district court's quiver; it created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants. Consistent with the nonobligatory nature of the remedy, a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment before trial or after all arguments have drawn to a close."); *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942). And the district court evaluated the claims in the complaint under the Declaratory Judgment Act and exercised its "wide discretion" by declining jurisdiction.

There is some debate over what standard of review should be used to evaluate a district court's decision to decline jurisdiction over a declaratory-judgment case. *Nationwide Ins. v. Zavalis*, 52 F.3d 689, 693 n.3 (7th Cir. 1995) (noting a "simmering circuit split" on the issue). This circuit has opted for a *de novo* standard of review. *See VMS Secs. Litig.*, 103 F.3d at 1327; *see also Salomon Inc.*, 152 F.3d at 647 (reviewing decision retaining case *de novo*).[1]

---

[1]  The Supreme Court announced in *Wilton v. Seven Falls Co.*, that a district court's decision to stay a Declaratory Judgment

(continued...)

The district court noted that "the retirees and their union filed a class action suit approximately one month after this declaratory-judgment action was filed. The record reflects both sides expected the action by the 'natural plaintiffs.'" We are usually wary of a declaratory-judgment action that is "'aimed solely at wresting the choice of forum from the natural plaintiff.'" *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 718 (7th Cir. 2002) (quoting *Allendale Mut. Ins. Co. v. Bull Data Sys., Inc.*, 10 F.3d 425, 431 (7th Cir. 1993) (internal quotation marks omitted)).

And we agree with the district court that the "natural plaintiffs" are the UAW and the retirees. It seems far more sensible to us that the retirees adjudicate their claims in Michigan, where the plant was located, where the ERISA and LMRA claims may go forward in the same litigation, and where the retirees may avail themselves of the benefits of a class-action lawsuit—which will offer a much greater possibility of settlement than the current posture of this case with its hundreds of defendants. These pragmatic and realistic concerns counsel in favor of dismissal.

Moreover, it is completely understandable that the district court declined its jurisdiction under the Declaratory

---

[1] (...continued)

Act action in favor of a pending state-court action is reviewed for "abuse of discretion." 515 U.S. at 289-90; *see also Grinnell Mut. Reinsurance Co. v. Shierk*, 121 F.3d 1114, 1117 (7th Cir. 1997). However, in several cases after *Wilton*, our circuit has continued to review *de novo* a district court's decision to decline jurisdiction under the Declaratory Judgment Act. *See Salomon Inc.*, 152 F.3d at 647; *VMS Secs. Litig.*, 103 F.3d at 1327.

Judgment Act because this case raises serious questions about the wisdom of allowing litigation to go forward in the Northern District of Illinois. The UAW and the retirees raised the issue before the district court by filing the motion to transfer to the Western District of Michigan under 28 U.S.C. § 1404(a). The retirees reside in many states throughout the country; the majority live in Michigan. As the district court noted, the negotiations over the collective-bargaining agreement and the Sturgis plants were in Michigan. The Plan administration was only recently moved to Illinois, and only *one* retiree defendant resides in Illinois—in the Central District of Illinois, not in the Northern District where this case commenced. Thus, both convenience and the "interests of justice" practically dictate transfer to Michigan, where the mirror image of this suit has been filed. *See* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."). And if the district court would have granted a motion to transfer if it had retained the case (and it appears nearly certain that it would have), it seems more than sensible to us that the district court facilitated the process by exercising its "wide discretion" to decline jurisdiction. *See Salomon Inc.*, 152 F.3d at 647.

Given the status of the pending suit in the Western District of Michigan and the other considerations we have articulated, we affirm the district court's discretionary dismissal of the LMRA count.

### III.  CONCLUSION

We AFFIRM the district court's dismissal of the complaint.

USCA-02-C-0072—7-2-08