# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 10-2887

NEWPAGE WISCONSIN SYSTEM INC. and
NPWSI RETIREE HEALTH PLAN,

*Plaintiffs-Appellants*,

*v.*

UNITED STEEL, PAPER & FORESTRY,
RUBBER, MANUFACTURING, ENERGY ALLIED
INDUSTRIAL AND SERVICE WORKERS
INTERNATIONAL UNION, AFL–CIO/CLC, *et al.*,

*Defendants-Appellees*.

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 10-cv-41-bbc—**Barbara B. Crabb**, *Judge*.

ARGUED APRIL 5, 2011—DECIDED JULY 12, 2011

Before EASTERBROOK, *Chief Judge*, BAUER, *Circuit Judge*,
and YOUNG, *District Judge*.[†]

EASTERBROOK, *Chief Judge*. NewPage Wisconsin System
Inc. operates paper mills in Wisconsin. It provides

---

[†] Of the Southern District of Indiana, sitting by designation.

health care as a fringe benefit for current and former workers. Its Retiree Health Plan is governed by a series of collective bargaining agreements between NewPage Wisconsin and the United Steel Workers Union. (The agreements were made by predecessors of both NewPage Wisconsin and the Union, but we use the current names for simplicity.) NewPage Wisconsin recently closed several mills as a cost-saving measure. Seeking further savings, it eliminated the subsidy for medical care of retirees who are 65 or older.

Asserting that this change violated both the CBA and the Retiree Health Plan, the Union filed suit in December 2009 under §301 of the Labor Management Relations Act (LMRA), 29 U.S.C. §185, and §502 of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §1132. That suit is not the subject of this appeal, however, because it was filed in the Southern District of Ohio.

Five weeks after the Union filed its suit in Ohio, NewPage Wisconsin filed a declaratory-judgment action in the Western District of Wisconsin. This suit raises the same substantive issues as the Union's but did not last long: the district court dismissed it on the pleadings. 2010 U.S. Dist. LEXIS 71511 (W.D. Wis. July 16, 2010). The court held that it did not have subject-matter jurisdiction over the ERISA claim because §502(a)(3) does not authorize relief when "plan admini-strators . . . seek declaration of their right to reduce or deny benefits." *Id.* at *22. The court concluded that it had jurisdiction over the LMRA claim but exercised its dis-

cretion to dismiss in favor of the Union's suit in Ohio. *Id.* at *28–29. NewPage Wisconsin's appeal challenges both aspects of the district court's decision.

Declaratory judgment actions are authorized, see 28 U.S.C. §2201, as long as there is an actual controversy between the two parties. *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). Yet §2201 is not a grant of subject-matter jurisdiction, so the district court properly looked to the substantive claims to determine whether it had jurisdiction. *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1 (1983); *Ameritech Benefit Plan Committee v. Communication Workers of America*, 220 F.3d 814, 818 (7th Cir. 2000).

Section 502(a)(3) of ERISA states that a civil action may be brought "by a participant, beneficiary, or fiduciary . . . to obtain appropriate equitable relief" or to enforce any terms of the plan. Although NewPage Wisconsin is a fiduciary and can therefore request "appropriate equitable relief" from a district court, relief properly called "legal" rather than "equitable" is not covered by §502(a)(3)—and not all equitable relief is "appropriate" in a given suit. See *CIGNA Corp. v. Amara*, 131 S. Ct. 1866 (2011); *Sereboff v. Mid Atlantic Medical Services, Inc.*, 547 U.S. 356 (2006); *Great-West Life & Annuity Insurance Co. v. Knudson*, 534 U.S. 204 (2002); *Mertens v. Hewitt Associates*, 508 U.S. 248 (1993).

NewPage Wisconsin wants the district court to declare that the changes it made to the Retiree Health Plan are consistent with its legal obligations. Looking at NewPage Wisconsin's complaint, we cannot identify

any request for "appropriate equitable relief" that would bring its claim within §502(a)(3). The complaint neither requests equitable relief nor asks the court for help in enforcing the Plan. See *Massey Ferguson Division of Varity Corp. v. Gurley*, 51 F.3d 102, 103 (7th Cir. 1995) (dictum); *Transamerica Occidental Life Insurance Co. v. DiGregorio*, 811 F.2d 1249 (9th Cir. 1987).

The district judge assumed that, if a complaint does not seek relief authorized by §502(a)(3), there cannot be subject-matter jurisdiction. Yet jurisdiction depends on a claim arising under federal law, not on whether a particular remedy is available or whether a claim is sound on the merits. See *Bell v. Hood*, 327 U.S. 678 (1946). Section 502(a) concerns remedies, not jurisdiction. We know from *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 316–20 (2005), that statutory authority to supply a remedy is a sufficient but not a necessary component of federal jurisdiction. Although §502(a)(3) does not authorize equitable relief for an employer, there remains §2201, which authorizes declaratory judgments.

The jurisdictional counterpart to §502(a) is §502(e), which says that district courts have jurisdiction of actions "under this subchapter". NewPage Wisconsin made a claim for a declaratory judgment "under this subchapter"—that is, under ERISA. Whether a claim is good differs from the question whether a district court possesses jurisdiction, a matter of adjudicatory competence. See, e.g., *Morrison v. National Australia Bank Ltd.*, 130 S. Ct. 2869, 2876–77 (2010). A federal district court is

the right forum for a dispute about the meaning of ERISA and the validity of changes to a welfare-benefit plan.

The district judge may have been thrown off by the fact that declaratory-judgment suits often are defensive in nature, as this one is. To decide whether a declaratory-judgment action comes within federal jurisdiction, a court must dig below the surface of the complaint and look at the underlying controversy. If a well-pleaded complaint by the defendant (the "natural" plaintiff) would have arisen under federal law, then the court has jurisdiction when the "natural" defendant brings a declaratory-judgment suit. See *Public Service Commission v. Wycoff Co.,* 344 U.S. 237, 248 (1952); *DeBartolo v. HealthSouth Corp.,* 569 F.3d 736 (7th Cir. 2009); *Wisconsin v. Ho-Chunk Nation,* 512 F.3d 921 (7th Cir. 2008).

The Union has made the court's work easy by describing the controversy in its Ohio complaint (where it was the plaintiff):

> Defendants' repudiation of the terms of the Plan is actionable under ERISA §502(a)(1)(B) and (a)(3). . . . These ERISA provisions allow a participant or beneficiary to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan, . . .".

The Union asked the court to "permanently enjoin Defendants from terminating or modifying retiree health in-

surance coverage provided to Class Members under the collectively-bargained agreements." The Union's request that the district court prevent NewPage Wisconsin from altering the Plan arises under §502(a)(3) as well as §502(a)(1). Because the Union's suit thus came within the grant of jurisdiction in §502(e), this mirror-image suit by the Plan's sponsor also is within federal subject-matter jurisdiction.

Suppose this is wrong. A court still must inquire whether another statute supplies jurisdiction. See *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005). Under 28 U.S.C. §1331, "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States". The Supreme Court has held that ERISA claims are "necessarily federal in character by virtue of the clearly manifested intent of Congress*." Metropolitan Life Insurance v. Taylor*, 481 U.S. 58, 67 (1987). See also *Bartholet v. Reishauer A.G. (Zürich)*, 953 F.2d 1073 (7th Cir. 1992); *Winstead v. J.C. Penney Co.*, 933 F.2d 576, 580 (7th Cir. 1991) (noting that §1331 would provide subject-matter jurisdiction even if §502(e) did not). Nothing in §502 supersedes or abrogates §1331, and the Supreme Court has suggested that §1331 provides subject-matter jurisdiction independently of §502(e). See *Peacock v. Thomas*, 516 U.S. 349, 354 (1996). State law regulating pension and welfare-benefit plans has been displaced, see, e.g., *Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004), so the claim in this litigation *must* arise under federal law. Jurisdiction is appropriate under both §502(e) and §1331.

The district court found that it had jurisdiction to consider the LMRA claim. 2010 U.S. Dist. Lᴇxɪs 71511 at *17. Yet §185(a) of the LMRA authorizes suit only for "violations of contracts between an employer and a labor organization representing employees", and NewPage Wisconsin's complaint did not allege that the Union had violated the CBA. How could the district court have subject-matter jurisdiction over the LMRA claim but not the ERISA claim? It must have jurisdiction over both, or neither; we think that "both" is right given the mirror-image approach to deciding whether a declaratory action arises under federal law.

The reason why the district court distinguished the ERISA claim from the LMRA claim is language in *Newell Operating Co. v. United Auto Workers*, 532 F.3d 583 (7th Cir. 2008). The situation of *Newell* was materially identical to this case: an employer changed the terms of its welfare plan and then sued the participants seeking declaratory relief under both ERISA and the LMRA. The district court there believed it had jurisdiction over the LMRA claim but lacked jurisdiction to hear the ERISA claim. In affirming that decision, we said:

> [A] complaint cannot invoke ERISA §502(a)(3) jurisdiction by the mere assertion, without more, that ERISA will be violated. If the Committee administers the Plan as written, it will enforce the terms of the Plan and vindicate its fiduciary duties under ERISA—the retirees' dissatisfaction notwithstanding.

532 F.3d at 589. We did not mention the mirror-image approach to determining whether a declaratory-

judgment action arises under federal law or inquire what the natural plaintiffs might have alleged had they filed a complaint.

*Newell*'s incomplete analysis was a consequence of a deficient presentation by the litigants. The briefs in *Newell* focused on whether the fiduciary's complaint asked for "appropriate equitable relief"; the parties assumed that a negative answer would imply the absence of jurisdiction. We have explained why this is not the right perspective. Now that the subject has been explored more fully, we conclude that *Newell*—which no other circuit has followed—cannot be treated as authoritative on the question of subject-matter jurisdiction in declaratory-judgment actions about plans covered by ERISA.

Overruling a precedent is not a step we take lightly. We are mindful of the potential for "disruption, confusion, and uncertainty" that can result. *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 139 (2008). See also *Buchmeier v. United States*, 581 F.3d 561, 565–66 (7th Cir. 2009) (en banc). Nevertheless a correction is required, because this circuit stands alone. *Newell* departed from our own precedent about the mirror-image rule in declaratory-judgment actions, which the parties' briefs in *Newell* regrettably neglected. See, e.g., *County Materials Corp. v. Allan Block Corp.*, 502 F.3d 730, 734 (7th Cir. 2007); *Northeast Illinois Regional Commuter R.R. v. Hoey Farina & Downes*, 212 F.3d 1010, 1014 (7th Cir. 2000); *GNB Battery Technologies, Inc. v. Gould, Inc.*, 65 F.3d 615, 619 (7th Cir. 1995). See also *Samuel C. Johnson*

*1988 Trust v. Bayfield County*, No. 09-2876 (7th Cir. June 17, 2011) (reiterating the mirror-image approach).

Last year part of *Newell* was overruled by *Envision Healthcare, Inc. v. PreferredOne Insurance Co.*, 604 F.3d 983, 985–86 & n.1 (7th Cir. 2010) (appellate review of a decision to dismiss a declaratory-judgment action in favor of a suit pending elsewhere is deferential rather than plenary, as *Newell* and some predecessors had held). We now overrule the remainder of *Newell*. This opinion has been circulated to all active judges under Circuit Rule 40(e). None requested a hearing en banc.

The second question presented by this appeal is whether the district court abused its discretion by deciding that the Ohio litigation is the appropriate forum for resolution of the parties' controversy. Appellate review is deferential, as we held in *Envision Healthcare*. Events have overtaken this aspect of the district court's decision.

NewPage Wisconsin's suit in Wisconsin and the Union's suit in Ohio raise the same substantive issues—did NewPage Wisconsin violate either the LMRA or ERISA when it amended the Plan?—yet the parties differ: the Union's suit in Ohio named NewPage *Corporation* as the defendant, while NewPage *Wisconsin* filed the action in Wisconsin. NewPage Corporation is the parent of NewPage Consolidated Papers Inc., which is the parent of NewPage Wisconsin. The Union did not argue in Ohio, and has not argued here, that members of this holding-company structure have failed to respect corporate formalities or that there is any other reason

why NewPage Corporation, as an indirect investor in NewPage Wisconsin, should be liable under either ERISA or the LMRA. See *United States v. Bestfoods*, 524 U.S. 51 (1998). When the Union realized that it had sued the wrong entity, it moved to amend its complaint to join NewPage Wisconsin. But the district court rejected that amendment as futile because the court lacks personal jurisdiction over NewPage Wisconsin. It found that NewPage Wisconsin is outside the reach of Ohio's long-arm statute. *Clendenning v. NewPage Corp.*, 2010 U.S. Dist. LEXIS 112897 at *38–40 (S.D. Ohio Oct. 12, 2010). The court added that NewPage Corporation is neither a signatory of the CBA nor a fiduciary of the ERISA plan. It therefore dismissed the Union's suit.

When dismissing the Wisconsin litigation, the district judge assumed that the parties' controversy would soon be resolved elsewhere. That assumption is no longer warranted. Even if the Sixth Circuit should reinstate the Ohio suit, the Wisconsin action would remain farther advanced. (The appeal in the Sixth Circuit will not be argued until this fall.) Because the Wisconsin district court has subject-matter jurisdiction over all issues, and personal jurisdiction over all of the contestants, the declaratory-judgment suit now seems a more attractive means of handling the controversy than it did while the Ohio litigation was ongoing. On remand, the district court should employ "considerations of practicality and wise judicial administration" (*Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995)) to decide whether to address the merits, or again wait for developments in Ohio.

The judgment is vacated, and the case is remanded for proceedings consistent with this opinion.