In the

# United States Court of Appeals

### For the Seventh Circuit

Nos. 08-3445 & 08-3529

R.R. STREET & CO., INC., and
NATIONAL UNION FIRE INSURANCE COMPANY
OF PITTSBURGH, PA, as subrogee of
R.R. STREET AND CO., INC.,

*Plaintiffs-Appellants,*

*v.*

VULCAN MATERIALS COMPANY, n/k/a
LEGACY VULCAN CORP.,

*Defendant-Appellee.*

Appeals from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 08 C 1182—**Virginia M. Kendall**, *Judge.*

ARGUED FEBRUARY 27, 2009—DECIDED JUNE 25, 2009

Before MANION, ROVNER, and TINDER, *Circuit Judges.*

MANION, *Circuit Judge.* Under what is known as the
*Wilton/Brillhart* abstention doctrine, district courts
possess significant discretion to dismiss or stay claims
seeking declaratory relief, even though they have subject

matter jurisdiction over such claims. R.R. Street & Company, Inc. ("Street") and National Union Fire Insurance Company of Pittsburgh, PA ("National Union") sued Vulcan Materials Company ("Vulcan") in this diversity action for declaratory relief and money damages related to Vulcan's refusal to defend and indemnify Street in several underlying lawsuits. Relying on the *Wilton/ Brillhart* doctrine, Vulcan moved to dismiss the action or, alternatively, to stay the action pending resolution of a California state court action in which all three parties were involved. The district court granted Vulcan's motion, dismissing the plaintiffs' claims for both declaratory and non-declaratory relief based on the *Wilton/Brillhart* abstention doctrine. Street and National Union appeal. Because we conclude that the district court lacked discretion under the *Wilton/Brillhart* doctrine to dismiss the non-declaratory claims and should have exercised its discretion under that doctrine to retain the declaratory claim, we reverse and remand.

I.

Vulcan manufactures a dry-cleaning solvent called PerSec. In 1961, Vulcan made Street the exclusive distributor of PerSec in the United States. In 1992, Vulcan and Street entered an agreement in which Vulcan allegedly promised to defend and indemnify Street for all claims brought against Street related to its distribution of PerSec. Subsequent to that agreement, several lawsuits (the "underlying lawsuits") were filed against Street and Vulcan in California for harms allegedly caused by PerSec. Those underlying lawsuits are still active.

Vulcan has liability insurance with many insurance companies, one of which is National Union. In 2005, some of those insurers, including National Union, filed a lawsuit in California state court ("the Vulcan Insurance Action") seeking a declaration that they owe no coverage obligations to Vulcan in various lawsuits.

National Union also insures Street under several general liability policies and has been defending Street in the underlying lawsuits because Vulcan has refused to defend or indemnify Street in those suits, as Street claims Vulcan promised to do under their 1992 agreement. On February 26, 2008, Street and National Union (as Street's subrogee) filed a diversity action against Vulcan in the Northern District of Illinois.[1] In their amended complaint, the plaintiffs asserted claims for breach of contract, common law indemnity, and promissory estoppel, seeking money damages for Vulcan's refusal to defend and indemnify Street in the underlying lawsuits. Street and National Union also brought a claim for declaratory relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, asking the district court to declare that Vulcan owes defense and indemnity obligations to Street in the underlying lawsuits.

---

[1] On the same day, Street filed cross-claims against Vulcan in one of the underlying lawsuits, *United States v. Lyon*, No. 1:07-CV-00491-LJO-GSA (E.D. Cal.), raising the same claims for relief it sought in its complaint in this case. On June 25, 2008, the district court in *Lyon*, applying the *Wilton/Brillhart* abstention doctrine, granted Vulcan's motion to dismiss Street's cross-claims after determining its claims for money damages were wholly dependent on its claim for declaratory relief.

Vulcan then filed a cross-complaint against Street and National Union in the Vulcan Insurance Action seeking a declaration that it has no duty to defend or indemnify Street in the underlying lawsuits.[2] Vulcan also filed a motion to dismiss (or, alternatively, to stay) the plaintiffs' complaint in this case. Vulcan argued that the district court should either dismiss the case under the *Wilton/Brillhart* abstention doctrine or stay the action under either *Wilton/Brillhart* or the *Colorado River* abstention doctrine pending resolution of the Vulcan Insurance Action in California state court. The district court granted Vulcan's motion, dismissing the action pursuant to the *Wilton/Brillhart* doctrine. The court did not discuss *Colorado River* abstention. Relying on the *Lyon* court's order of dismissal, the district court first determined that *Wilton/Brillhart* was applicable to the entire case because the plaintiffs' claims for damages were dependent upon their claim for declaratory relief. Then, the court applied the relevant *Wilton/Brillhart* factors and decided they counseled in favor of dismissing the action. After their motions to alter or amend the judgment were denied, the plaintiffs appealed the dismissal of the case.

## II.

On appeal, the plaintiffs argue that the district court's dismissal was erroneous because *Wilton/Brillhart* does not

---

[2] Street was not a party to the Vulcan Insurance Action until Vulcan filed that cross-complaint.

apply to this action. Whether an abstention doctrine is applicable in the first place is a question of law that we review de novo. *See AAR Int'l, Inc. v. Nimelias Enters. S.A.*, 250 F.3d 510, 518 (7th Cir. 2001) (whether two proceedings are parallel, which is a prerequisite for *Colorado River* abstention, is a matter of law subject to de novo review); *Prop. & Cas. Ins. Ltd. v. Cent. Nat'l Ins. Co. of Omaha*, 936 F.2d 319, 321 (7th Cir. 1991) (whether a case meets traditional abstention requirements is a question of law subject to de novo review).

Under the Declaratory Judgment Act ("the Act"), "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). Since its inception, the Act "has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). In other words, in passing the Act, "Congress sought to place a remedial arrow in the district court's quiver; it created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants*." Id.* at 288.

Consistent with the discretionary nature of the relief permitted by the Act, the Supreme Court held in *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491 (1942), that district courts possess considerable leeway in deciding whether to entertain declaratory judgment actions even though subject matter jurisdiction is established. In *Wilton*, the Court confirmed the continued vitality of

*Brillhart*, rejecting the argument that exceptional circumstances under the *Colorado River* doctrine[3] must exist in order to justify abstention in a declaratory judgment action. *Id.* at 286.

There is no doubt that a court may dismiss or stay an action under the *Wilton/Brillhart* abstention doctrine where solely declaratory relief is sought. *Id.* at 288, 290; *Sta-Rite Indus., Inc. v. Allstate Ins. Co.*, 96 F.3d 281, 287 (7th Cir. 1996); *see Brillhart*, 316 U.S. at 492, 495. But where, as here, both declaratory and non-declaratory relief is sought, does the *Wilton/Brillhart* standard even apply, and, if so, under what circumstances? This issue has received different treatment in the courts of appeals that have addressed it and is one of first impression in this court.

The Fifth Circuit has adopted a strict bright-line approach: When an action includes a claim for declaratory relief along with any non-frivolous claim for coercive relief, *Wilton/Brillhart* abstention is completely inapplicable to all claims, and the *Colorado River* doctrine governs instead. *New England Ins. Co. v. Barnett*, 561 F.3d 392, 395 (5th Cir. 2009) (collecting cases). The Second and

---

[3] *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). In *Colorado River*, the Supreme Court held that, despite the federal courts' "virtually unflagging obligation" to exercise the jurisdiction conferred on them by Congress, in exceptional circumstances a district court may abstain from exercising such jurisdiction where parallel state proceedings were pending. *Id.* at 817-20.

Tenth Circuits have agreed with the Fifth Circuit's approach, albeit in dicta. *United States v. City of Las Cruces*, 289 F.3d 1170, 1181-82 (10th Cir. 2002); *Vill. of Westfield v. Welch's*, 170 F.3d 116, 125 n.5 (2d Cir. 1999).[4]

In contrast, the Ninth Circuit first determines "whether there are claims in the case that exist independent of any request for purely declaratory relief, that is, claims that would continue to exist if the request for a declaration simply dropped from the case." *United Nat'l Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1112 (9th Cir. 2001) (quoting *Snodgrass v. Provident Life & Accident Ins. Co.*, 147 F.3d 1163, 1167-68 (9th Cir. 1998) (per curiam)). If independent non-declaratory claims are present, then "the district court is without discretion to . . . decline to entertain

---

[4] The Fourth Circuit's approach is roughly similar to the Fifth Circuit's. When a declaratory claim is joined with non-declaratory claims, the *Wilton/Brillhart* standard does not apply to the non-declaratory claims. *Great Am. Ins. Co. v. Gross*, 468 F.3d 199, 211 (4th Cir. 2006). Whether the district court retains discretion under *Wilton/Brillhart* to abstain from hearing the declaratory claim is a point on which the Fourth Circuit's case law is unclear. *Compare Chase Brexton Health Servs., Inc. v. Maryland*, 411 F.3d 457, 466-67 (4th Cir. 2005) (observing that judicial economy counsels against dismissing claims for declaratory relief while adjudicating non-declaratory claims), *with Myles Lumber Co. v. CNA Fin. Corp.*, 233 F.3d 821, 824 (4th Cir. 2000) (concluding that, in an action where both declaratory and non-declaratory claims were brought, it would be an abuse of discretion to remand the declaratory claim under *Wilton/ Brillhart*, assuming that doctrine applied to the claim).

these causes of action. Indeed, the district court has a 'virtually unflagging' obligation to exercise jurisdiction over these claims." *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1226 n.6 (9th Cir. 1998) (en banc). Non-declaratory claims are "independent" of a declaratory claim when they are alone sufficient to invoke the court's subject matter jurisdiction and can be adjudicated without the requested declaratory relief. *R&D Latex*, 242 F.3d at 1113; *Snodgrass*, 147 F.3d at 1167-68. Regarding the declaratory claim, "[t]he district court should not, as a general rule . . . decline to entertain the claim for declaratory relief. If a federal court is required to determine major issues of state law because of the existence of non-discretionary claims, the declaratory action should be retained to avoid piecemeal litigation." *Dizol*, 133 F.3d at 1225-26. Thus, under the Ninth Circuit's approach, concern for judicial economy significantly limits the discretion afforded by *Wilton/Brillhart* over a declaratory claim when independent non-declaratory claims are present.[5] Where the non-declaratory claims

---

[5] The Eighth Circuit has adopted the "essence of the lawsuit" approach, under which a federal court is not obligated "automatically to apply the exceptional circumstances test articulated in *Colorado River*" when both non-declaratory and declaratory relief are sought. *Royal Indem. Co. v. Apex Oil Co.*, 511 F.3d 788, 793 (8th Cir. 2008). Instead, because the Act authorizes a court to grant "[f]urther necessary or proper relief based on a declaratory judgment or decree," 28 U.S.C. § 2202, the district court may abstain from non-declaratory claims under

(continued...)

are not independent, the district court has discretion under *Wilton/Brillhart* to abstain from hearing the entire action. *See R&D Latex*, 242 F.3d at 1113.

With respect to the Fifth Circuit (and the courts of appeals that follow that circuit's approach), we do not think the mere fact that a litigant seeks some non-frivolous, non-declaratory relief in addition to declaratory relief means that a district court's *Wilton/Brillhart* discretion to decline to hear the declaratory claim should be supplanted by the narrower *Colorado River* doctrine. While that approach is commendable for its ease of application by both litigants and courts, it unduly curtails a district court's "unique and substantial discretion" to

---

[5] (...continued)
*Wilton/Brillhart* "so long as the further necessary or proper relief would be based on the court's decree so that the essence of the suit remains a declaratory judgment action," *Royal Indem. Co.*, 511 F.3d at 793-94. The independence of non-declaratory claims from declaratory claims hinges on whether the grant of declaratory relief is a necessary predicate to the grant of non-declaratory relief. *See id.* at 794 (holding that the plaintiff's claims for contribution, subrogation, unjust enrichment, equitable estoppel, and attorney fees, costs, and interest were not independent but rather "further necessary or proper relief" because "[i]f the district court were to reject [the plaintiff's] claims under the Declaratory Judgment Act, it could not recover on th[ose] claims"). Thus, the Eighth Circuit's approach is similar to the Ninth Circuit's, except that the jurisdictional independence of the non-declaratory claims does not appear to be a consideration.

abstain from hearing claims for declaratory relief. *Wilton*, 516 U.S. at 286. And, unlike the Fifth and Fourth Circuits, we do not believe that a district court is required to adjudicate all non-frivolous claims seeking non-declaratory relief irrespective of their independence from the declaratory claim. As we discuss below, *see* n.6, only when non-declaratory claims are viable in federal court regardless of the declaratory claim does a district court have an obligation to hear such claims.

We therefore think the Ninth Circuit's approach is preferable and adopt the following test: Where state and federal proceedings are parallel and the federal suit contains claims for both declaratory and non-declaratory relief, the district court should determine whether the claims seeking non-declaratory relief are independent[6] of

---

[6] A claim for non-declaratory relief is "independent" of the declaratory claim if: 1) it has its own federal subject-matter-jurisdictional basis, and 2) its viability is not wholly dependent upon the success of the declaratory claim. If a claim satisfies this test, then the district court's "virtually unflagging obligation" to exercise jurisdiction over a non-declaratory claim is triggered.

In other words, this test requires a court to adjudicate non-declaratory claims if it "determine[s] . . . there are claims in the case that exist independent of any request for purely declaratory relief, that is, *claims that would continue to exist if the request for a declaration simply dropped from the case*." *R&D Latex Corp.*, 242 F.3d at 1112 (quoting *Snodgrass*, 147 F.3d at 1167-68) (emphasis added). Otherwise, if, after fac-

(continued...)

the declaratory claim. If they are not, the court can exercise its discretion under *Wilton*/*Brillhart* and abstain from hearing the entire action.[7] But if they are, the *Wilton*/*Brillhart* doctrine does not apply and, subject to the presence of exceptional circumstances under the *Colorado River* doctrine, the court must hear the independent non-declaratory claims. The district court then should retain the declaratory claim under *Wilton*/*Brillhart* (along with any dependent non-declaratory claims) in order to avoid piecemeal litigation.

Applying that standard to this case, and assuming the Vulcan Insurance Action is a parallel proceeding, we conclude that the district court erred in dismissing the action under *Wilton*/*Brillhart*. Were the declaratory claim dropped from the case, the district court would still have diversity jurisdiction[8] over the plaintiffs' breach

---

[6] (...continued)
toring out the requested declaratory relief, there are no viable non-declaratory claims, then the district court may abstain from the entire action under *Wilton*/*Brillhart* without running afoul of its near-unwavering obligation to hear claims within its jurisdiction.

[7] The Supreme Court counsels that a stay is often the preferable course where the basis for abstaining is the pendency of a state-court proceeding. *Wilton*, 515 U.S. at 288 n.2.

[8] Although the plaintiffs did not plead a specific amount in controversy in their complaint, it does not appear to a legal certainty that the amount in controversy is less than the jurisdictional threshold from 28 U.S.C. § 1332(a). *See St. Paul*

(continued...)

of contract, common law indemnity, and promissory estoppel claims that seek relief in the form of money damages, and the requested declaratory relief is not a prerequisite to resolution of those claims.[9] Put simply, the non-declaratory claims are independent of the declaratory claim because they could stand alone in federal court—both jurisdictionally and substantively—irrespective of the declaratory claim. Therefore, the district court was without discretion under *Wilton/Brillhart* to dismiss the non-declaratory claims and should have exercised its discretion under that doctrine to retain the declaratory claim.[10]

---

[8] (...continued)
*Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). Indeed, they state in their opening briefs (and in a sur-reply to Vulcan's motion to dismiss in the district court) that Vulcan owes them in excess of $16 million for past breaches of its coverage obligations. In addition, the plaintiffs are completely diverse from the defendant. Hence, the jurisdictional prerequisites under § 1332 are satisfied.

[9] Even if the legal issues involved in deciding the declaratory claim would be dispositive of all of the non-declaratory claims, that would not necessarily mean that the latter are not independent of the former. *R&D Latex Corp.*, 242 F.3d at 1112-13.

[10] The district court did not decide whether exceptional circumstances exist under the *Colorado River* doctrine that would warrant a stay of the case, and we express no opinion on that matter.

III.

We conclude that the plaintiffs' claims for non-declaratory relief were independent of their claim for declaratory relief, and thus *Wilton/Brillhart* abstention was an inappropriate basis for dismissal of those claims. In addition, the district court should have retained the declaratory claim under *Wilton/Brillhart* for reasons of judicial economy. Accordingly, we REVERSE the judgment of the district court and REMAND the case for further proceedings.