In the

# United States Court of Appeals
## For the Seventh Circuit

No. 09-2019

ENVISION HEALTHCARE, INC.,

*Plaintiff-Appellant*,

*v.*

PREFERREDONE INSURANCE COMPANY,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 09 CV 00078—**John F. Grady**, *Judge.*

ARGUED JANUARY 13, 2010—DECIDED MAY 12, 2010

Before BAUER, MANION, and TINDER, *Circuit Judges.*

MANION, *Circuit Judge.* After being denied coverage for substantial medical expenses, Bradley Romer sued PreferredOne Insurance Company in Minnesota state court claiming it improperly rescinded his insurance policy. The dispute drew in other parties and bred further suits: PreferredOne filed a third-party complaint for indemnification against Envision Healthcare, Inc., in the Minnesota case and days later Envision sued

PreferredOne in an Illinois federal court, seeking a declaration that it has no duty to indemnify PreferredOne. The district court exercised its discretion under the *Wilton/Brillhart* abstention doctrine and dismissed the federal case. Envision appeals. Because the third-party proceedings in Minnesota are parallel to the federal case and it was not an abuse of discretion for the district court to abstain from hearing the declaratory action, we affirm.

I.

Envision Healthcare, Inc. ("Envision") is a wholesale insurance broker; it works with health insurance companies to market their products. In that capacity, it also recruits, trains, and oversees retail agents who solicit customers. In 2006, Envision entered into a General Agent Agreement ("GAA") with PreferredOne, a Minnesota-based insurance company, to market and sell its policies. One of Envision's agents, Edward Thomas, sold a PreferredOne health insurance policy to Bradley Romer. Some time later, Romer had two knee operations. The first in May 2007, was completed without incident. But after the second in September 2007, Romer contracted a staph infection and was hospitalized for over a week. The cost of the second operation and the subsequent stay exceeded one hundred thousand dollars. The bulk of this expense was attributed to treatment of the staph infection.

After receiving the hospital bill, PreferredOne began looking a little deeper into Romer's policy application and discovered that he had failed to disclose a pre-

existing condition. And on that basis, PreferredOne rescinded the policy and refused to pay for Romer's second operation and subsequent stay. Romer then sued PreferredOne in Minnesota state court for breach of contract. In the complaint, he claims that in the application interview with Thomas he truthfully answered all of the application questions and relied on Thomas to accurately complete the form.

Citing the GAA, PreferredOne filed a third-party complaint in the Minnesota action against Envision and Thomas for indemnification from any resulting judgment it suffers. Two days later, Envision filed a declaratory action against PreferredOne in the United States District Court for the Northern District of Illinois, seeking a declaration that it has no duty to indemnify PreferredOne under the GAA. The crux of Envision's argument is that the GAA was executed in 2006 between PreferredOne and what it calls "old" Envision. In May 2007, another company, J.K. Acquisitions, acquired many of the assets of "old" Envision, including the name "Envision Healthcare" and the right to collect commissions owed by PreferredOne. The Envision Healthcare that entered into the 2006 GAA, "old" Envision, was dissolved and "new" Envision began collecting commissions from PreferredOne without the burden of the indemnification clause. Naturally, PreferredOne disputes these claims.

After Envision filed suit in federal court, it filed a motion to dismiss the third-party complaint in the Minnesota case. Among other things, it argued that the Minne-

sota case was duplicative of the federal case. In its words, they "involve[] the exact same legal issue" and in the interest of judicial economy the third-party suit should be stayed pending the outcome of the federal case. That motion was denied, and the Minnesota case moved forward.

PreferredOne then moved to dismiss the declaratory action in federal court for lack of personal jurisdiction. The district court recognized that the two cases are parallel actions because they involve the same parties and present the same legal issue: whether Envision owes PreferredOne a duty to indemnify. Therefore, the court exercised its discretion and dismissed the case under the *Wilton/Brillhart* abstention doctrine. *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995); *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942). On appeal, Envision argues that the district court erred in its decision, and in support it claims that the two proceedings are not parallel.

## II.

Before addressing the merits of this appeal, we consider the appropriate standard of review. The parties argue that our review of the district court's application of the *Wilton/Brillhart* abstention doctrine is de novo. They are correct, in part. Our cases are clear that we review the underlying legal questions de novo. *R.R. Street & Co., Inc. v. Vulcan Materials Co.*, 569 F.3d 711, 714 (7th Cir. 2009). Indeed, our review of legal questions is always plenary. But the district court's decision of whether to abstain under *Wilton/Brillhart* is a different matter.

As the Supreme Court noted in *Wilton* "a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment." 515 U.S. at 288. And we review that decision "for abuse of discretion."[1] *Id.* at 289-90.

### III.

"Under what is known as the *Wilton/Brillhart* abstention doctrine, district courts possess significant discretion to dismiss or stay claims seeking declaratory relief, even though they have subject matter jurisdiction over such claims." *R.R. Street & Co.*, 569 F.3d at 713. This discretion arises from the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202 itself, which provides that district courts "*may* declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). The discretionary nature of the Act led the

---

[1] Some of our post-*Wilton* cases have reviewed both the applicability of the doctrine and the district court's decision de novo. *See, e.g.*, *Newell Operating Co. v. Int'l Union of United Auto., Aerospace & Agric. Implement Workers of Am.*, 532 F.3d 583, 591 (7th Cir. 2008); *N. Shore Gas Co. v. Salomon Inc.*, 152 F.3d 642, 647 (7th Cir. 1998); *Matter of VMS Sec. Litig.*, 103 F.3d 1317, 1327 (7th Cir. 1996). However, as these cases conflict with the Supreme Court's holding in *Wilton*, they are in error and are hereby overruled. Because our decision overrules these cases, we have circulated it to the full court as required by our Circuit Rule 40(e). No judge in regular active service voted to hear the case en banc.

Supreme Court to hold in *Brillhart* and *Wilton* that district courts have substantial discretion in deciding whether to declare the rights of litigants and may, in the sound exercise of their discretion, stay or dismiss an action seeking a declaratory judgment in favor of an ongoing state court case. *See Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494-95 (1942); *Wilton*, 515 U.S. at 288 (noting "a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment").

As the Supreme Court explained in *Brillhart*, there is no set criteria for when a court should exercise its discretion to abstain. 316 U.S. at 495 ("We do not now attempt a comprehensive enumeration of what in other cases may be revealed as relevant factors governing the exercise of a District Court's discretion."). But the classic example of when abstention is proper occurs where, as it is here, solely declaratory relief is sought and parallel state proceedings are ongoing. *Vulcan Materials*, 569 F.3d at 715. That does not mean that abstention is limited to parallel proceedings. *Nationwide Ins. v. Zavalis*, 52 F.3d 689, 692 (7th Cir. 1995). But as the Supreme Court has made clear, the *Wilton/Brillhart* abstention doctrine appropriately applies in a diversity case where a declaratory judgment is sought and a parallel state proceeding also exists. *Wilton*, 515 U.S. at 283; *Provident Tradesmens Bk. & Tr. Co. v. Patterson*, 390 U.S. 102, 126 (1968) (noting "we reaffirm our prior holding that a federal district court should, in the exercise of discretion, decline to exercise jurisdiction over a diversity action raising issues of state law when those same issues are being presented contemporaneously to state courts").

The question then becomes whether the Minnesota case is parallel to the federal case. Two actions are parallel when substantially the same parties are contemporaneously litigating substantially the same issues in two fora. *Sta-Rite Indus., Inc. v. Allstate Ins. Co.*, 96 F.3d 281, 287 (7th Cir. 1996); *see also Interstate Material Corp. v. City of Chicago*, 847 F.2d 1285, 1288 (7th Cir. 1988) (noting "[a] suit is 'parallel' when substantially the same parties are contemporaneously litigating substantially the same issues in another forum" (quotation omitted)). Here, the third-party suit in Minnesota involves the same parties as the federal case: Envision and PreferredOne. And the same precise legal question will be answered in both suits: whether Envision owes PreferredOne a duty to indemnify it for any loss incurred in the Romer suit. Thus, the two suits are parallel. The fact that the parties are part of a third-party suit, rather than an original action in Minnesota, does not affect the analysis of whether they are parallel. *See TruServ Corp. v. Flegles, Inc.*, 419 F.3d 584, 592 (7th Cir. 2005) (noting the inquiry is focused on "whether there is a substantial likelihood that the [state court] litigation will dispose of all claims presented in the federal case" (quotation omitted)).

Thus, the district court properly concluded that this case is one that the *Wilton/Brillhart* abstention may be applied to. And we find that the district court did not abuse its discretion in abstaining from reaching the merits of Envision's suit and needlessly interfering with the ongoing Minnesota state court proceedings. *Brillhart*, 316 U.S. at 495 ("Gratuitous interference with the orderly

and comprehensive disposition of a state court litigation should be avoided."). Accordingly, we AFFIRM the judgment of the district court.