PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

—————

No. 15-3606

—————

BRYAN RARICK, Individually and on behalf
of a class of similarly situated persons

v.

FEDERATED SERVICE INSURANCE COMPANY,

Appellant

—————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-13-cv-03286)
District Judge: Honorable Joseph F. Leeson, Jr.

—————

No. 16-1328

TERRY EASTERDAY;
LINDA EASTERDAY, h/w individually and on behalf
of a class of similarly situated persons

v.

THE FEDERATED MUTUAL INSURANCE COMPANY,

Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 5-14-cv-01415)
District Judge: Honorable Lawrence F. Stengel

Argued November 2, 2016
Before: CHAGARES, HARDIMAN, and SCIRICA,
*Circuit Judges*.

(Filed:  March 28, 2017)

Charles E. Spevacek [Argued]
William M. Hart
Tiffany M. Brown
Julia J. Nierengarten
Meagher & Geer
33 South Sixth Street, Suite 4400
Minneapolis, MN 55402
       *Attorneys for Defendants-Appellants*

James C. Haggerty [Argued]
Suzanne T. Tighe, Esq.
Haggerty Goldberg Schleifer & Kupersmith
1835 Market Street, Suite 2700
Philadelphia, PA 19103
       *Attorneys for Plaintiffs-Appellees*

———————

OPINION OF THE COURT

———————

HARDIMAN, *Circuit Judge*.

In *Brillhart v. Excess Insurance Company of America*, 316 U.S. 491 (1942), the Supreme Court held that federal courts have broad discretion to decline to hear actions arising under the Declaratory Judgment Act. Decades later the Court reminded federal courts that they have a "virtually unflagging obligation" to exercise jurisdiction over actions seeking legal relief. *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). But this "unflagging obligation" does not undermine the discretion inherent in the Declaratory Judgment Act as interpreted in *Brillhart*. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 286–88 (1995).

What about complaints that seek *both* declaratory and legal relief? Our sister courts of appeals and district courts within the Third Circuit have disagreed over the legal standard applicable in such cases. The United States District Court for the Eastern District of Pennsylvania in the two appeals we consider here adopted a "heart of the matter" test and, after finding that the essence of each action was declaratory, declined to exercise jurisdiction. In our view, the heart of the matter test is problematic because it enables plaintiffs to avoid federal subject matter jurisdiction through artful pleading. Accordingly, we will vacate the orders of the District Court and remand the cases for further proceedings.

I

A

A resident of Pennsylvania, Brian Rarick worked for a company that insured its vehicles under a business automobile policy provided by Federated Service Insurance Company, a Minnesota corporation. Under that policy, Rarick's employer waived uninsured motorist coverage for most of its employees, including Rarick.

In his complaint, Rarick alleged that he suffered injuries after he crashed a company car insured by Federated Service when an unidentified vehicle forced him off the road. Rarick reported the accident and submitted a claim to Federated Service for uninsured motorist benefits, in accordance with the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. Cons. Stat. §§ 1701, *et seq.* Federated Service denied the claim, citing its waiver of uninsured motorist coverage for employees like Rarick.

After his claim was denied, Rarick filed a class action lawsuit in the Court of Common Pleas of Philadelphia County, Pennsylvania. Rarick sought, *inter alia*, a judgment declaring that Pennsylvania's Motor Vehicle Financial Responsibility Law required Federated Service to provide Rarick with uninsured motorist coverage. Rarick also requested damages for breach of contract alleging—in nearly identical language to his prayer for declaratory relief—that Federated Service breached its contract by failing to provide him with uninsured motorist coverage.

Federated Service removed Rarick's civil action to the District Court under 28 U.S.C. §§ 1441 (removal) and 1332 (diversity jurisdiction). After the removal, no related case remained pending in state court. Later, the District Court issued an order to show cause why it should not remand the case to the Court of Common Pleas consistent with its discretion under the Declaratory Judgment Act.

The District Court adopted a "heart of the matter" test to determine whether it had discretion to decline jurisdiction. The Court determined that the crux of the litigation was declaratory because Rarick sought a declaration that he is entitled to uninsured motorist benefits. The Court then considered whether it should decline jurisdiction over the entire case under our decision in *Reifer v. Westport Insurance Corp.*, 751 F.3d 129 (3d Cir. 2014). Under *Reifer*, the absence of a pending state case created a rebuttable presumption in favor of jurisdiction. In light of "the nature and novelty of the state law issues," the Court found the presumption was rebutted, so it declined jurisdiction and remanded the case to the Court of Common Pleas. *Rarick v. Federated Serv. Ins. Co.*, 2015 WL 5677295, at *5 (E.D. Pa. Sept. 28, 2015). Federated Service appealed.

5

## B

Terry Easterday, a resident of Pennsylvania, worked for an affiliate of Federated Service called Federated Mutual Insurance Company, which is a Minnesota company. Federated Mutual had a business automobile policy that waived underinsured motorist coverage.

In his complaint, Easterday alleged that he sustained injuries in two rear-end collisions while driving a car owned and insured by Federated Mutual. Easterday submitted insurance claims seeking tort damages and he later sought recovery of underinsured motorist benefits from Federated Mutual. The company denied Easterday's claim citing the waiver of underinsured motorist benefits.

Easterday, along with his wife Linda, sued in the Court of Common Pleas of Philadelphia County, Pennsylvania. The Easterdays sought, *inter alia*, a declaration that Pennsylvania law required Federated Mutual to provide underinsured motorist coverage. The Easterdays also requested damages for breach of contract, alleging—in nearly identical language to their prayer for declaratory relief—that Federated Mutual breached its contract by failing to provide Easterday with underinsured motorist coverage.

Federated Mutual removed the case to the District Court under 28 U.S.C. §§ 1441 (removal) and 1332 (diversity jurisdiction). After the removal, no related case remained pending in state court. At a Rule 16 conference in the District Court, Easterday raised the issue of subject matter jurisdiction.

In light of the factual similarities between the two cases, the District Court followed *Rarick*, 2015 WL 5677295. The Court found that the heart of the matter was declaratory because "[t]he crux of th[e] litigation is whether the insurance policy in question provides coverage to the plaintiffs." *Easterday v. Federated Mut. Ins. Co.*, 2016 WL 492481, *4 (E.D. Pa. Feb. 9, 2016). The Court then turned to *Reifer* to determine whether it should decline jurisdiction. As in *Rarick*, the Court found that although there was no pending parallel state court proceeding, it should nonetheless decline jurisdiction because of the novel nature of the state law claim and the absence of a federal interest. *Id.* Federated Mutual appealed.

## II

The District Court had jurisdiction in both cases under 28 U.S.C. §§ 1441 and 1332. We have appellate jurisdiction under 28 U.S.C. § 1291. *See Reifer*, 751 F.3d at 133 (holding that "a remand order entered pursuant to the [Declaratory Judgment Act] is an appealable final decision"). We typically review a district court's decision to decline jurisdiction under the Declaratory Judgment Act for abuse of discretion. *Id.* at 138–39. However, when a district court declines jurisdiction of non-declaratory matters, we "review[] the underlying legal questions *de novo* but the court's decision to abstain for abuse of discretion." *Nat'l City Mortg. Co. v. Stephen*, 647 F.3d 78, 82 (3d Cir. 2011) (citations omitted). Here, we must first decide whether the District Court applied the appropriate legal standard to ascertain its discretion to decline jurisdiction. We review that question of law de novo.

7

III

A

A federal district court's discretion to decline jurisdiction depends on whether the complaint seeks legal or declaratory relief. When an action seeks legal relief, federal courts have a "virtually unflagging obligation" to exercise jurisdiction. *Colo. River*, 424 U.S. at 817. There are but a few "extraordinary and narrow exception[s]" to this rule. *Id.* at 813.

When an action seeks declaratory relief, however, federal courts may decline jurisdiction under the Declaratory Judgment Act. 28 U.S.C. § 2201(a) ("In a case of actual controversy within its jurisdiction, . . . any court of the United States . . . *may* declare the rights and other legal relations of any interested party seeking such declaration . . . ." (emphasis added)). Courts have greater discretion to decline jurisdiction over actions for declaratory judgments because they seek an adjudication of rights and obligations prior to the enforcement of a remedy. *See Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671–72 (1950); *see also Step-Saver Data Sys., Inc. v. Wyse Tech.*, 912 F.2d 643, 649 (3d Cir. 1990) ("The idea behind the [Declaratory Judgment Act] was to clarify legal relationships so that plaintiffs (and possibly defendants) could make responsible decisions about the future."); 10B Charles A. Wright & Arthur R. Miller, *Fed. Prac. & Proc. Civ.* § 2751 (4th ed.) ("[The Act] gives a means by which rights and obligations may be adjudicated in cases involving an actual controversy that has not reached the stage at which either party may seek a coercive remedy and in cases in which a party who could sue for coercive relief has not yet done so."). The Supreme Court first confirmed federal courts'

discretion to decline jurisdiction over declaratory judgment actions in *Brillhart*, 316 U.S. at 495–96, and reaffirmed this discretion in *Wilton*, 515 U.S. at 288.

B

Before today "[w]e have never ruled on the legal standard a district court must apply when addressing whether it may decline jurisdiction when both declaratory and legal relief are claimed." *Reifer*, 751 F.3d at 135 n.5. Federal courts opining on the matter have developed three main approaches.

The United States Courts of Appeals for the Second, Fourth, and Fifth Circuits have adopted a bright line rule that prioritizes a federal court's duty to hear claims for legal relief over its discretion to decline jurisdiction to hear declaratory judgment actions. Under that rule, "[t]he *Colorado River* standard applies to all mixed claims—even when the 'claims for coercive relief are merely "ancillary" to [a party's] request for declaratory relief.'" *VonRosenberg v. Lawrence*, 781 F.3d 731, 735 (4th Cir. 2015), *as amended* (Apr. 17, 2015) (alterations in original) (quoting *Black Sea Inv., Ltd. v. United Heritage Corp.*, 204 F.3d 647, 652 (5th Cir. 2000)); *see also New Eng. Ins. Co. v. Barnett*, 561 F.3d 392, 397 (5th Cir. 2009) (per curiam) ("[W]hen an action contains *any* claim for coercive relief, the *Colorado River* abstention doctrine is ordinarily applicable." (citation omitted)); *Vill. of Westfield v. Welch's*, 170 F.3d 116, 124 n.5 (2d Cir. 1999). These courts generally have found that *Colorado River*'s "unflagging obligation" to entertain legal claims supersedes any discretion to decline jurisdiction over a declaratory claim in the same suit. *See VonRosenberg*, 781 F.3d at 735 (depriving access to a federal forum simply because there is a request for declaratory relief "seems especially unwarranted given that

nearly all claims, including those for damages or injunctive relief, effectively ask a court to declare the rights of the parties to the suit").

The United States Courts of Appeals for the Seventh Circuit and Ninth Circuit have taken a slightly different approach, applying an independent claim test, which balances the court's duty to hear legal claims with its discretion to decline jurisdiction over claims for declaratory relief. Under this test, the district court first determines whether claims seeking legal relief are independent of claims for declaratory relief. *R.R. St. & Co., Inc. v. Vulcan Materials Co.*, 569 F.3d 711, 716–17 (7th Cir. 2009). "Non-declaratory claims are 'independent' of a declaratory claim when they are alone sufficient to invoke the court's subject matter jurisdiction and can be adjudicated without the requested declaratory relief." *Id.* at 715 (citing *United Nat'l Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1113 (9th Cir. 2001)). If the legal claims are dependent on the declaratory claims, the court may decline jurisdiction over the entire action. *Id.* at 716–17. But if they are independent, the court must adjudicate the legal claims unless there are exceptional circumstances as described in *Colorado River*. *Id.* When the legal claims are independent, courts generally will not decline the declaratory judgment action in order to avoid piecemeal litigation. *R.R. St. & Co.*, 569 F.3d at 715–16. "Where the [legal] claims are not independent, the district court has discretion under *Wilton*/*Brillhart* to abstain from hearing the entire action." *Id.* at 716.

Finally, district courts in the Third Circuit, following the approach taken by the United States Court of Appeals for the Eighth Circuit in *Royal Indem. Co. v. Apex Oil Co.*, 511 F.3d 788 (8th Cir. 2008), primarily have applied the "heart of

the matter" or "essence of the lawsuit" test. Under that test, the court "examines the relationship between the claims, and determines what the 'essence of the dispute' concerns." *Elec. Claims Processing, Inc. v. M.R. Sethi, M.D., S.C.*, 2013 WL 243594, at \*3 (W.D. Pa. Jan. 22, 2013) (quoting *ITT Indus., Inc. v. Pac. Emp'rs. Ins.*, 427 F. Supp. 2d 552, 566–67 (E.D. Pa. 2006)). This approach seeks to "balance between the various interests at stake" by examining the crux of the litigation. *Id.* (quoting *Columbia Gas of Pa. v. Am. Int'l Grp.*, 2011 WL 294520, at \*2 (W.D. Pa. Jan. 27, 2011)). Courts applying this test have found that the "administrative, jurisprudential, and other concerns" of mixed action litigation make it "fundamentally reasonable to pull a dependent coercive claim within the ambit of the discretion afforded its declaratory counterpart." *Columbia Gas*, 2011 WL 294520, at \*2. On this view, to allow an ancillary or dependent legal claim to eliminate the court's discretion under the Declaratory Judgment Act, "would be the tail wagging the dog." *Id*. (quoting *Franklin Commons E. P'ship v. Abex Corp.*, 997 F. Supp. 585, 592 (D.N.J. 1998)).

C

The District Court in both cases under review here adopted the "heart of the matter" test. In *Rarick*, the Court was persuaded that the "Supreme Court's specific recognition that declaratory judgment actions necessitate a different treatment than other types of cases" required the court to analyze the facts of a mixed claim before deciding whether it should decline jurisdiction. 2015 WL 5677295, at \*4 (quoting *ITT Indus., Inc.*, 427 F. Supp. at 557). Using similar reasoning, the District Court in *Easterday* adopted the heart of the matter test because it found "that the outcome of the plaintiffs' claims for breach of contract and bad faith are

11

dependent on how the insurance policies are interpreted for the declaratory judgment claim." 2016 WL 492481, at \*3 n.2.

After careful consideration of the various tests applied in the decisions mentioned, we hold that the independent claim test is the most appropriate one. When a complaint contains claims for both legal and declaratory relief, a district court must determine whether the legal claims are independent of the declaratory claims. If the legal claims are independent, the court has a "virtually unflagging obligation" to hear those claims, subject of course to *Colorado River*'s exceptional circumstances. *Colo. River*, 424 U.S. at 817–19. If the legal claims are dependent on the declaratory claims, however, the court retains discretion to decline jurisdiction of the entire action, consistent with our decision in *Reifer*, 751 F.3d at 144–46.

The independent claim test is superior to the others principally because it prevents plaintiffs from evading federal jurisdiction through artful pleading. Although Rarick and Easterday included declaratory claims in their complaints, they requested a legal remedy—damages—for breach of contract. Because both cases satisfied the requirements for diversity jurisdiction, Rarick and Easterday could have obtained their desired relief in federal courts without requesting a declaratory judgment. By including a declaratory claim in their pleadings, however, Rarick and Easterday invited the District Court to avoid *Colorado River*'s "virtually unflagging obligation" in favor of the more expansive discretion afforded under *Reifer*.

This outcome is inconsistent with the purpose of the Declaratory Judgment Act, which is to "clarify legal relationships" in order to help putative litigants "make

responsible decisions about the future." *Step-Saver Data Sys.*, 912 F.2d at 649. The Declaratory Judgment Act was intended to "*enlarge*[] the range of remedies available in the federal courts" by authorizing them to adjudicate rights and obligations even though no immediate remedy is requested. *Skelly Oil Co.*, 339 U.S. at 671 (emphasis added). The heart of the matter test enables plaintiffs to subvert this goal by using the Declaratory Judgment Act to *avoid* federal subject matter jurisdiction over claims that are ripe for adjudication and in which the plaintiffs seek immediate relief.

Another virtue of the independent claim test is that it gives district courts the flexibility that the bright line test precludes. We agree with the Seventh Circuit when it opined: "we do not think the mere fact that a litigant seeks some non-frivolous, non-declaratory relief in addition to declaratory relief means that a district court's *Wilton/Brillhart* discretion to decline to hear the declaratory claim should be supplanted by the narrow *Colorado River* doctrine." *R.R. Street & Co, Inc.*, 569 F.3d at 716. We also agree that while the bright line test is more easily applied by courts, "it unduly curtails a district court's 'unique and substantial discretion' to abstain from hearing claims for declaratory relief." *Id.* (quoting *Wilton*, 515 U.S. at 286).

IV

We hold that the independent claim test is the applicable legal standard for review of a complaint that seeks both legal and declaratory relief. In these cases, both Plaintiffs' legal claims were independent of their declaratory claims. Accordingly, we will vacate the judgments of the District Court and remand the cases for a determination

whether exceptional circumstances exist under *Colorado River*.