[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-12440

Non-Argument Calendar

_____

NAUTILUS INSURANCE COMPANY,

Plaintiff-Appellant,

*versus*

CAPTAIN PIP'S HOLDINGS, LLC,

Defendant-Appellee,

DANIEL COUCH, et al.,

Defendants.

_____

2                       Opinion of the Court                    24-12440

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 4:23-cv-10093-JEM

_____

Before NEWSOM, GRANT, and WILSON, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Nautilus Insurance Company (Nautilus) appeals the district court's order granting Defendants-Appellees Captain Pip's Holdings, LLC (Captain Pip's) and Daniel Couch's motion to dismiss for lack of subject matter jurisdiction.

On appeal, Nautilus first argues the district court abused its discretion when it dismissed its duty to defend claim for lack of ripeness. Next, Nautilus argues the district court erred in applying the *Brillhart*[1]/*Wilton*[2] abstention doctrine for declaratory relief rather than the stricter *Colorado River*[3] doctrine applicable to coercive claims. After careful review, we find the district court erred because the duty to defend claims are ripe, and the district court should exercise jurisdiction over the coercive rescission claim subject only to *Colorado River* abstention. Therefore, we reverse and remand.

_____

[1] *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942).

[2] *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995).

[3] *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1979).

## I. Factual Background and Procedural History

### A. The Insurance Policy

In 2021, Captain Pip's applied to Nautilus for a Commercial General Liability Insurance policy. The application asked whether the applicant is "currently active in joint ventures." Captain Pip's answered "No." It also asked whether Captain Pip's had "other business ventures for which coverage is not requested," to which Captain Pip's did not respond. The policy includes a Water-Related Recreational Equipment Exclusion that precludes coverage for bodily injury arising out of the use of any water-related recreational equipment.

### B. The Underlying Action

In June 2023, the underlying action was filed by Srinivasrao Alaparthi as Personal Representative of the Estate of Supraja Alaparthi and as parent and natural guardian of Ak. A, a minor child, and Ravikumar Sadda and Asritha Ravala, as parents and natural guardians of V.S., a minor child (Underlying Plaintiffs) against Captain Pip's, Couch, and Tanner Helmers. According to the complaint, the Underlying Plaintiffs "contacted Lighthouse Parasail, Inc. and/or Captain Pip's Holdings, LLC, and booked parasailing activities." Couch and Helmers were the crew on the boat and were "employed or contracted by" Captain Pip's. While the Underlying Plaintiffs were on the boat, the crew lost control of the parasail due to the poor weather conditions and cut the towline that connected the parasail to the boat. The untethered parasail dragged

the Underlying Plaintiffs across the water before colliding with a bridge, resulting in death and injury.

The Underlying Plaintiffs allege that Captain Pip's "operated, controlled, and/or sold various watersports activities that were based out of its marina and resort," including parasailing; that these activities were conducted "through partnerships or joint ventures with . . . Lighthouse"; that Captain Pip's "held itself out to be in partnership or a joint venture" with Lighthouse; and that Captain Pip's "marketed, advertised, and sold its marina, resort, and aforementioned watersports activities through partners or joint ventures, including Lighthouse." Based on these allegations, the Underlying Plaintiffs assert claims against Captain Pip's for negligence and vicarious liability. Nautilus is defending Captain Pip's in the underlying action with a reservation of rights.

## C. The Instant Action

Nautilus sued Captain Pip's, Couch, Helmers,[4] and the Underlying Plaintiffs for a declaration that it does not have a duty to defend or indemnify Captain Pip's, Couch, or Helmers. Nautilus alleged that the Watercraft Exclusion applies (Count I), that the Water-Related Recreational Equipment Exclusion applies (Count III), and that Couch (Count II) and Helmers do not qualify as "insureds" under the policies.

---

[4] Helmers stipulated with Nautilus that he does not qualify as an insured. The district court entered a final order of dismissal as to Helmers.

Nautilus also requested a rescission of the policies (Count IV) based on material misrepresentations in the renewal application. Those being Captain Pip's "No" answer to whether it was "currently active in joint ventures" and its non-response to whether Captain Pip's had "other business ventures for which coverage is not requested." Captain Pip's moved to dismiss based on the lack of subject matter jurisdiction, or alternatively to stay claims for declaratory relief as to the duty to indemnify and rescission. The district court granted Captain Pip's motion finding that it lacked subject matter jurisdiction on ripeness and abstention grounds. Nautilus timely appealed.

## II. Jurisdiction

As a threshold matter, we must always determine our own jurisdiction. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). We only review final decisions, and to constitute a final decision supporting an appeal under 28 U.S.C. § 1291, the district court must adjudicate all claims against all parties. *Corsello v. Lincare, Inc.*, 276 F.3d 1229, 1230 (11th Cir. 2001) (per curiam).

Captain Pip's argues the district court's order dismissed Nautilus' claims against Captain Pip's only, leaving the claims against Couch and the Underlying Plaintiffs. But the district court found that it lacked subject matter jurisdiction over all the counts in the Amended Complaint. After the dismissal, there are no remaining counts against any parties, and this is a final judgment. We therefore have jurisdiction.

### III. Duty to Defend Claims

"We review the district court's dismissal of [a] declaratory judgment action for abuse of discretion." *Ameritas Variable Life Ins. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005) (per curiam). "An abuse of discretion occurs when a district court commits a clear error of judgment, fails to follow the proper legal standard or process for making a determination, or relies on clearly erroneous findings of fact." *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 846 F.3d 1159, 1163 (11th Cir. 2017) (per curiam).

Duty to defend claims, unlike indemnification claims, are ripe prior to the adjudication of the underlying suit. *See James River Ins. v. Rich Bon Corp.*, 34 F.4th 1054, 1058 (11th Cir. 2022). Under Florida law the duty to defend "'depends solely on the allegations in the complaint filed against the insured.'" *Trizec Properties, Inc. v. Biltmore Const. Co.*, 767 F.2d 810, 811 (11th Cir. 1985) (quoting *Tropical Park, Inc. v. United States Fidelity and Guar. Co.*, 357 So.2d 253, 256 (Fla. 3d Dist. Ct. App. 1978)).

Declaratory judgments play an invaluable role in duty to defend cases, "clarifying insurance companies' liability quickly and directly." *James River*, 34 F.4th at 1058. The Declaratory Judgment Act, 28 U.S.C. § 2201(a), "vests courts with discretion to say whether declaratory relief is appropriate." *Id.* at 1056. But insurers "reasonably expect the federal courts to resolve run-of-the-mill disputes about their duties to defend and indemnify against claims made in an underlying tort action. In fact, allowing a declaratory action by an insurer to establish nonliability under casualty

insurance was one of the prime purposes of the Declaratory Judgment Act." *Id.* at 1062. (Brasher, J., concurring) (internal quotation marks omitted).

District courts should consider the "guideposts" from *Ameritas* "when deciding whether to dismiss a federal declaratory judgment action that overlaps with a state case." *Id.* at 1059. A district court abuses its discretion when it does not consider all claims during its *Ameritas* analysis. *Id.* at 1061.

The district court found a lack of subject matter jurisdiction for Counts I–III because an insurer's "duty to indemnify is not ripe for adjudication in a declaratory judgment action until the insured is in fact held liable in the underlying suit." The underlying state court case is ongoing; thus, Nautilus may not be liable for any damages in the underlying action so the indemnification claims are not ripe. This is correct.

However, the district court further found that the duty to defend claims are not ripe "because this assumes that the state court will rule in Nautilus' favor on the duty to defend." Because the duty to defend claims are ripe and the district court did not consider the *Ameritas* factors, it abused its discretion when it dismissed the duty to defend claims. *See James River Ins.*, 34 F.4th at 1060–61; *Trizec Props*, 767 F.2d at 812 ("The duty to defend is separate and apart from the duty to indemnify."). Thus, we remand to the district court for consideration of the duty to defend claims in Counts I, II, and III. Next, we move to which abstention doctrine applies to the rescission claim in Count IV.

## IV. Abstention

We review the application of abstention doctrines for abuse of discretion. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 289 (1995). "A district court will abuse its discretion if it makes an error of law or makes a clearly erroneous factual finding." *Jackson-Platts v. Gen. Elec. Cap.*, 727 F.3d 1127, 1133 (11th Cir. 2013).

"[A]bstention 'is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it.'" *Id.* (quoting *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 813 (1976)). *Colorado River* abstention applies only in rare circumstances "where the order to the parties to repair to the state court would clearly serve an important countervailing interest." 424 U.S. at 813.

But this is not so for declaratory judgment suits as the Supreme Court announced in *Brillhart* and *Wilton*. This is "because that statute vests courts with discretion to say whether declaratory relief is appropriate in the underlying conflict." *James River*, 34 F.4th at 1056. "So while federal courts normally have an 'unflagging obligation' to exercise our jurisdiction, where declaratory judgments are concerned this imperative yields to considerations of practicality and wise judicial administration." *Id.* at 1059 (internal quotation marks omitted). In these cases, the more deferential *Ameritas* factors should be considered. *See id.*

In mixed complaints, complaints that include both declaratory and coercive claims, three tests have arisen in the federal courts to determine which abstention doctrine applies. The first

24-12440            Opinion of the Court            9

approach is to find that the *Brillhart/Wilton* discretionary standard (as operationalized in this circuit through the *Ameritas* factors) is per se replaced by the harsher *Colorado River* test whenever an action includes both declaratory and non-frivolous coercive claims. *See Kelly Inv. Inc. v. Cont'l Common Corp.*, 315 F.3d 494, 497 n.4 (5th Cir. 2003); *VonRosenberg v. Lawrence*, 781 F.3d 731, 735 (4th Cir. 2015); *Vill. of Westfield v. Welch's*, 170 F.3d 116, 124 n.5 (2d Cir. 1999). Another is to apply *Colorado River* if the coercive claims can exist independently of requests for declaratory relief, such that they could survive even if the declaratory claims vanished. *See United Nat. Ins. v. R & D Latex Corp.*, 242 F.3d 1102, 1112–13 (9th Cir. 2001); *R.R. St. & Co., Inc. v. Vulcan Materials Co.*, 569 F.3d 711, 716–17 (7th Cir. 2009); *Rarick v. Federated Service Ins. Co.*, 852 F.3d 223, 229 (3d Cir. 2017). The third avenue is to look to the "heart of the action," meaning "if the outcome of the coercive claims hinges on the outcome of the declaratory ones, *Wilton*'s standard governs; conversely, if the opposite applies, *Colorado River*'s standard controls." *Lexington Ins. v. Rolison*, 434 F. Supp. 2d 1228, 1236–37 (S.D. Ala. 2006); *Royal Indem. Co. v. Apex Oil Co.*, 511 F.3d 788, 795–96 (8th Cir. 2008).

Here, in Count IV, Nautilus asks for rescission of the contract based on alleged material misrepresentations made by Captain Pip's in the renewal application. The district court applied the *Ameritas* factors and determined they favored abstention and thus dismissed the claim. This dismissal was in error.

Rescission is a coercive claim, *see Occidental Life Ins. of Cal. v. Nichols*, 216 F.2d 839, 842 (5th Cir. 1954),[5] where *Colorado River* abstention doctrine would typically apply. That said, the complaint here contained claims for both declaratory and coercive relief, making this a mixed complaint. The rescission claim is based on alleged material misrepresentations of "joint ventures," while the declaratory relief claims are based on the watercraft exclusions. Our circuit has yet to adopt a test for determining which abstention doctrine applies in the case of mixed complaints, and we do not have an occasion to announce one today. Under any of the three approaches, the district court should have applied *Colorado River* abstention. The complaint contains a non-frivolous coercive claim, the rescission claim is based on different provisions in the contract than the declaratory judgment claims and can exist independently. Lastly, the outcome of the rescission claim does not depend on the outcome of the duty to defend claim. If the district court finds that Nautilus does have a duty to defend, notwithstanding the exclusions, Nautilus could still seek rescission of the policy based on the alleged material representations. If the district court finds Nautilus does not to have a duty to defend, they may still seek rescission of the entire policy. Therefore, the district court has a duty to exercise jurisdiction subject only to *Colorado River* abstention. The district court abused its discretion in applying the wrong legal test.

---

[5] All decisions rendered by the Fifth Circuit prior to the close of business on September 30, 1981, are binding precedent in the Eleventh Circuit. *Bonner v. City of Pritchard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

## V. Conclusion

In sum, we reverse the district court's finding that it lacks subject matter jurisdiction because the duty to defend claims are ripe, and the district court should exercise jurisdiction over the coercive rescission claim subject only to *Colorado River* abstention.

**REVERSED AND REMANDED.**